UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD RAY LUCAS
ALL RESIDENTS OF VISION OF HOPE                                        PLAINTIFFS

v.                                              CIVIL ACTION NO. 3:06CV-530-S

ROBERT GLENN, DIRECTOR
VISION OF HOPE                                                          DEFENDANTS

<u>MEMORANDUM OPINION</u>

Plaintiff Donald Ray Lucas filed the instant *pro se* civil action on his own behalf and on behalf of all residents of Vision of Hope.  As Defendants, he names Vision of Hope (presumably, a halfway house or some similar facility) and Robert Glenn, its Director.  Plaintiff alleges money fraud, a violation of the First Amendment, and violations of "constitu[t]ional rights" and "any federal statu[t]es that go under this."

Plaintiff claims that on June 19, 2006, he was placed in Vision of Hope, and Robert Glenn gave him a urine test, which was positive.  Plaintiff contends that he tried to explain to Glenn that he does not use drugs, but Glenn cursed him "up and down" and said Plaintiff was lying.  On July 6, 2006, Plaintiff gave Glenn $1,200.00, and on the next day the lights were turned off.  Plaintiff further claims that upstairs the residents did not have a place to keep food fresh.  According to Plaintiff, Glenn said that he was working on it, but he never did.  Plaintiff also alleges that thieving was going on at the facility, but Glenn never did anything about that either.

Plaintiff additionally reports that on August 28, 2006, Glenn advised the residents that Vision of Hope was being shut down and that "the board wasnt letting him work there no more." Glenn gave Plaintiff a check for $375.00 knowing that he still owed Plaintiff $225.00.  When Plaintiff complained to Glenn about the money deficit, Glenn told Plaintiff to take it up with the board.

On October 15, 2006, Glenn called Plaintiff about Plaintiff's suing him and cursed Plaintiff. According to Plaintiff,

> [Glenn] always cussed me he also was very rasic with me because I was only white person in the program! they did everything they could to get me to go off! All he ever did was shot game! ever body got hud but me for rent payments and I was on S.S.I. All the staff was black. and I feel they never liked me from the being. but I made it through that hell they put on me! Robert never wanted to talk about nothing when I told him about the prombles going on at Vision of Hope! He crussed me a lot and said all I do is shot game when he was the one shotting game on us! also He dont like white people I'm white! Glenn should be put in jail for all this Fraud lie's and cheating people. since then he talks to everybody but me what's that tell you! but I think [Glenn's] got Hud on me if he did he owe's me $1200.00.

In addition to seeking Glenn's incarceration, Plaintiff also seeks damages for mental pain and asks that Glenn "give up the right to be (Dir) in any program!"

### Initial Review

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the Court concludes that the instant action must be dismissed.

### All residents of Vision of Hope

Title 28, United States Code, section 1654 provides, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage." That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal

2

court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). "'That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law.'" *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) (citation omitted).

For these reasons, Plaintiff, a non-attorney, cannot bring this action on behalf of all residents of Vision of Hope. Therefore, the claims asserted on behalf of the other residents will be dismissed without prejudice.

### Plaintiff Lucas

Plaintiff alleges money fraud and seeks Glenn's imprisonment. The authority to initiate a criminal complaint, however, "rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, No. 03-5950, 2004 WL 1193955, at *2 (6th Cir. May 27, 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, No. 00-5384, 2001 WL 278284, at *1 (6th Cir. Mar. 15, 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Accordingly, Plaintiff's money fraud/imprisonment claims must be dismissed.

Plaintiff further alleges a violation of the First Amendment, yet he has failed to allege, much less demonstrate, any free speech or free exercise violation actionable under the First Amendment. Additionally, he asserts a broad violation of his constitutional rights and federal

3

statutes, but allegations such as these, which are premised upon mere conclusions and opinions, fail to state an adequate claim.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Bare and conclusory allegations that Defendants personally deprived Plaintiff of constitutional or statutory rights are simply insufficient to state a cognizable claim.  *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Even if the Court were to construe Plaintiff's allegations as asserting an equal protection claim, such a claim would fail.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Plaintiff claims that he is white, that all of the staff are black, and that Glenn is a racist.  These facts alone are insufficient to state a cognizable equal protection claim.  And the only allegation made by Plaintiff that he was treated differently than any other resident is when he claims that "ever body got hud but me for rent payments and I was on S.S.I."   This allegation, however, is simply too conclusory to show any discriminatory intent or purpose, and there is no causal connection to Glenn or Vision of Hope. *Deaton v. Montgomery County*, 989 F.2d 885, 889 (6th Cir. 1993) ("Congress did not intend § 1983 liability to attach where causation is absent.").  Moreover, in failing to specify the capacity in which he is suing Defendants, Plaintiff's claims for damages are barred by the Eleventh Amendment.

Finally, Plaintiff's request for Glenn to give up the right to be director in any program in the future must also be dismissed.  "'In order to obtain either a preliminary or permanent injunction, [a party] must demonstrate that failure to issue the injunction is likely to result in irreparable harm.'"  *United States v. Miami Univ.*, 294 F.3d 797, 816 (6th Cir. 2002) (quoting

4

*Kallstrom v. City of Columbus*, 136 F.3d 1055, 1068 (6th Cir. 1998)) (alteration in *Miami Univ.*).

Because Plaintiff is no longer housed at Vision of Hope or under the direction of Glenn, the

Court's failure to issue the requested injunctive relief will not result in irreparable harm.

This Court recognizes that *pro se* pleadings are to be held to a less stringent standard than

formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v.

Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), but "the duty to be 'less stringent' with *pro se* complaints

does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir.

1979) (citation omitted); *see generally Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  And

this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require this Court "to explore

exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court

from its legitimate advisory role to the improper role of an advocate seeking out the strongest

arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d

1274, 1278 (4th Cir. 1985).

Because Plaintiff Lucas has failed to state a claim upon which relief may be granted, the

claims brought on his behalf must be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff Lucas, *pro se*
         Defendants
4411.005